UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
JERRY BAUER, Executor of the Estate of    :
Dakota Bauer,                             :        CASE NO. 5:07-CV-489
                                          :
            Plaintiff,                    :
                                          :
        vs.                               :        ORDER AND OPINION
                                          :        [Resolving Doc. No. 2]
JAMES TRIMBLE, et al.,                     :
                                          :
        Defendants.                       :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion to dismiss filed by the U.S. Probation Office, which is one of several defendants in this case. [Doc. 2.] The Plaintiff has not responded to the Defendant's motion. For the reasons discussed below, the Court **GRANTS** the Defendant's motion.

## I.  Background

On January 21, 2005, Defendant James Trimble, a federal probationer, shot and killed the decedent, Dakota Bauer, and the decedent's mother. A state court subsequently convicted Trimble, who currently is in the Ohio State Penitentiary on death row.  The Complaint in this case asserts various claims against multiple Defendants. The sole claim against the U.S. Probation Office is a tort claim for negligent supervision. With this motion the Defendant U.S. Probation Office moves to dismiss this claim for lack of subject matter jurisdiction due to Plaintiff's failure to first exhaust administrative remedies before filing suit, as required by 28 U.S.C. § 2675(a).

## II.  Legal Standard

-1-

Case No. 5:07-CV-489
Gwin, J.

When subject matter jurisdiction is challenged under Fed.R.Civ.P. 12(b)(1), the plaintiff has the burden of proving that the court has jurisdiction over the cause of action. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986). In ruling on such a motion, the district court may resolve factual issues when necessary to resolve its jurisdiction. *Madison-Hughes*, 80 F.3d at 1130; *Rogers*, 798 F.2d at 918.

### III.  Analysis

The Defendant moves to dismiss the Plaintiff's claim for lack of subject matter jurisdiction. The Plaintiff brings this claim against the Defendant U.S. Probation Office pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, which provides a limited waiver of the government's sovereign immunity.  However, the FTCA sets forth exact conditions that a plaintiff must meet  for a claim to proceed against the United States. *Honda v. Clark*, 386 U.S. 484, 501 (1967); *Soriano v. United States*, 352 U.S. 270 (1957).  Of particular relevance in this case, the FTCA requires that  plaintiffs present an administrative claim to the proper federal agency prior to the initiation of a suit against the United States. 28 U.S.C. § 2675(a).  Moreover, " [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . "  28 U.S.C. § 2401(b).

Here, the Plaintiff failed to make any administrative claim prior to initiating the instant suit against the Defendant U.S. Probation Office.  Moreover, the time to make such an administrative claim has now run, as more than two years have passed since the Plaintiff's claim accrued.  Accordingly, the Plaintiff has not complied with the requirement of 28 U.S.C. § 2675(a) and, therefore, the Court must dismiss the Plaintiff's complaint for want of jurisdiction.

Case No. 5:07-CV-489
Gwin, J.

### IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: June 7, 2007                                        s/          *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE