UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JERRY BAUER, Executor of the Estate of :
DAKOTA BAUER, : CASE NO. 5:07-CV-489
:
       Plaintiffs, :
:
  vs. : ORDER AND OPINION
: [Resolving Doc. No. 6]
JAMES TRIMBLE, et al., :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion to dismiss filed by Defendants Portage County and Portage County Job and Family Services ("Portage County"), which is one of several defendants in this case. [Doc. 6.] The motion is unopposed. For the reasons discussed below, the Court **GRANTS** the Defendants' motion.

**I. Background**

On January 21, 2005, Defendant James Trimble, a federal probationer, shot and killed his girlfriend and her son, Dakota Bauer. [Doc. 1.] A state court eventually convicted Trimble, who currently is in the Ohio State Penitentiary on death row. *Id.* The Complaint in this case asserts various claims against multiple Defendants, including a state law claim against Portage County alleging that "Defendant County of Portage and Defendant County PCJFS were willful, reckless and wanton in their decision to not investigate the dangerous situation in which Dakota Bauer was placed . . . " *Id.* Specifically, the Plaintiff says that the Defendants received "numerous telephone

Case No. 5:07-CV-489
Gwin, J.

calls from various individuals regarding the health and safety of Dakota Bauer in the months preceding his death" and that their failure to act, given such information, caused the decedent's death. *Id.* Defendants move to dismiss the Plaintiff's cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## II.  Legal Standard

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). In deciding a motion under Fed.R.Civ.P. 12(b)(6), the Court must accept all of the allegations contained in the plaintiff's complaint as true and construe the complaint "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

## III.  Analysis

The Defendants move to dismiss the Plaintiff's claim for failure to state a claim upon which relief can be granted. [Doc. 6.] Specifically, the Defendants say that the public duty doctrine and/or state law sovereign immunity bar the Plaintiff's state law claim. *Id.* The Defendants' motion to dismiss is unopposed.

Case No. 5:07-CV-489
Gwin, J.

### *1. Public Duty Doctrine*

The Ohio Supreme Court has held, in articulating the public duty rule, that "[w]hen a duty which the law imposes upon a public official is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, is generally a public and not an individual injury." *Sawicki v. Village of Ottawa Hills*, (1988) 37 Ohio St.3d. 222, 525 N.E.2d 468. Accordingly, a Plaintiff may only maintain a state law cause of action against a defendant municipality – like the instant Defendants – if the "special duty/relationship" exception to the public duty rule applies. *Id.* To establish such a special duty or special relationship, a Plaintiff must show "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking." *Sawicki*, 37 Ohio St.3d. at 231-232.

Here, the Defendants argue that the public duty rule bars the Plaintiff's claim because it does not meet the elements required to fit within the special duty/relationship exception. [Doc. 6.] Ultimately, the Court disagrees. In Ohio, R.C. § 2151.421 requires agencies like the Defendants to investigate reported instances of child neglect and/or abuse. Based upon this affirmative obligation, the Ohio Supreme Court has held that the public duty rule generally cannot serve as a defense against an agency's failure to comply with such affirmatively stated statutory requirements. *Brodie v. Summit County Children Serv. Bd.,* 51 Ohio St.3d 112, 554 N.E.2d 1301 (1990).

Given that the decedent here is a member of the exact class of persons that the Ohio legislature designed R.C. § 2151.421 to protect, the Court finds no basis for reaching a different

Case No. 5:07-CV-489
Gwin, J.

conclusion in the instant case. Accordingly, the Court finds that the public duty rule does not apply in the instant case and therefore may not serve as the basis for the Defendants' motion to dismiss.

*2.     State Law Sovereign Immunity*

Separate from their public duty doctrine argument, the Defendants also say that sovereign immunity bars the Plaintiff's state law cause of action. [Doc. 6.] Ohio Revised Code § 2744, which governs sovereign immunity, provides in relevant part:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. § 2744.02(A)(1).

In this case, the Plaintiff could argue that sovereign immunity does not bar their state law claims because the Ohio Supreme Court has explicitly held that the courts may hold a political subdivision liable for failure to perform its duty to investigate reports of child abuse. *Campbell v. Burton*, 92 Ohio St.3d 336 (2001). However, the amended version of R.C. 2744.02(B)(5) supercedes the Supreme Court's decision in *Campbell,* providing that a political subdivision may only be held liable where a "section of the Revised Code expressly imposes [civil] liability . . . " *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities, et al.*, 102 Ohio St.3d 230 (2004).

In *Marshall v. Montgomery County Children Services Board*, the Ohio Supreme Court held that "[w]ithin the meaning of R.C. § 2744.02(B)(5) and § 2744.03(A)(6)(c), R.C. § 2151.421 does

Case No. 5:07-CV-489
Gwin, J.

not expressly impose liability for failure to investigate reports of child abuse." 92 Ohio St.3d 348 (2004).  Accordingly, the Court finds that sovereign immunity does bar the Plaintiff's cause of action and therefore grants the Defendants' motion to dismiss.

### IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendants' motion to dismiss.

IT IS SO ORDERED.


Dated: July 16, 2007              s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE