UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                       :
JERRY BAUER, Executor of the Estate of    :
DAKOTA BAUER,                             :        CASE NO. 5:07-CV-489
                                                       :
           Plaintiffs,                              :
                                                       :
     vs.                                             :        ORDER AND OPINION
                                                       :        [Resolving Doc. Nos. 16, 17, 18, 19]
JAMES TRIMBLE, et al.,                     :
                                                       :
           Defendants.                            :
                                                       :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court are four motions filed by James Trimble, who is one of several defendants in this case. [Docs. 16, 17, 18, 19. ] The Court addresses each motion below.

## I. Background

On January 21, 2005, Defendant James Trimble ("Trimble"), a federal probationer, shot and killed his girlfriend and her son, Dakota Bauer. A state court eventually convicted Trimble, who currently is in the Ohio State Penitentiary on death row. The Complaint in this case asserts various claims against multiple Defendants. The Complaint asserts a wrongful death claim against Defendant Trimble.

## II. Legal Standard & Analysis

Four motions filed by Defendant Trimble are currently before the Court. With this Order, the Court addresses each in turn.

1

*A. Motion for a Mental Examination*

On April 18, 2007, Defendant Trimble motioned the Court to order a mental examination to determine (1) "if the Defendant [Mr. Trimble] is capable of defending himself Pro-Se in the above in titled litigation"; and (2) " . . . what effect the stress and aggravation of the litigation would have on his multiple mental illnesses." [Doc. 16.] Additionally, the Defendant notes that because he is both indigent and currently confined on Death Row, he requests that the Court pay for all costs involved with the requested mental examination. *Id.*

In support of his motion, the Defendant argues that the Court may order such an examination pursuant to Federal Rules of Civil Procedure Rule 35 ("Rule 35"). *Id.* Rule 35, however, does not provide a basis for granting the Defendant's motion. First, Rule 35 is designed to allow a party in a civil action to request that another party, or someone under the control of another party, consent to a physical or mental examination where that party's condition is at issue in the case. Here, the Defendant's motion requests that the Court order a mental examination of Mr. Trimble himself, rather than another party in the instant case. Additionally, Rule 35 only allows the Court to order a physical or mental examination where the to-be-examined party's condition - whether physical or mental - is at issue in the case. At present, Defendant Trimble's mental health does not appear to be a contested issue. Accordingly, the Court denies the Defendant's motion.

B.  *Motion to Stay All Proceedings And Hearings Pending the Defendant's Mental Examination*

Defendant Trimble also motions the Court to stay all proceedings and/or hearings pending the outcome of the mental examination requested above. [Doc. 17.] In light of the Court's denial of the Defendant's request for a mental examination, the Court views this motion as moot and accordingly denies it as well.

2

*C.     Motion for Reconsideration Regarding the Defendant's Motion to Appoint Counsel*

On March 26, 2007, Defendant Trimble filed a motion requesting that the Court appoint him counsel in the instant case. [Doc. 10.] On March 28, 2007, the Court denied the Defendant's motion. [Doc. 12.] With this motion, the Defendant asks that the Court reconsider its previous decision and appoint counsel in the instant case. [Doc. 19.]

The Federal Rules do not describe motions to reconsider. The Sixth Circuit has held, however, that a motion to vacate and reconsider may be treated under Rule 59(e) as a motion to alter or amend a judgment. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.") Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Here, no basis exists for the Court to reconsider its Order denying Defendant Trimble's request for appointed counsel. As the Court previously noted, the appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993); *Lassiter v. Department of Social Serv.*, 452 U.S. 18, 25 (1981) (finding that a constitutional right to counsel extends only to cases in which the defendant may be deprived of physical liberty). Because no exceptional circumstances exist in the instant case, the Court denies the Defendant's motion for reconsideration.

*D.     Motion to Dismiss*

Finally, Defendant Trimble motions the Court to dismiss the Plaintiff's claim because it (1) fails to state a claim upon which relief can be granted, (2) is barred by the statute of limitations, (3)

3

fails for want of consideration, (4) is barred because of Plaintiff's failure to join indispensable parties, (5) is barred by the doctrines of Equity, Estoppel, and Res Judicata, (6) is barred for failure of service of process in accordance with the Ohio Federal Rules of Civil Procedure, and (7) is a waste of the court's time given the Defendant's lack of funds. [Doc. 18.]

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). In deciding a motion under Fed.R.Civ.P. 12(b)(6), the Court must accept all of the allegations contained in the plaintiff's complaint as true and construe the complaint "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

Here, the Defendant offers no evidence to support his motion to dismiss other than the bare assertions quoted above. Ultimately, none of these arguments provide a viable basis for dismissing the Plaintiff's claims against Mr. Trimble.

First, the Plaintiff's cause of action clearly states a claim upon which relief can be granted in light of the Defendant's criminal conviction for the underlying events at issue in this case. Accordingly, the Court rejects the Defendant's Rule 12(b)(6) argument. Likewise, the Defendant's statute of limitations argument is without merit as the Plaintiff filed the instant law suit within the

applicable two year statute of limitations time period. See *Sabol v. Pekoc*, 148 Ohio St. 545, 76 N.E.2d 84 (1947) (holding that a Plaintiff must bring a wrongful death cause of action within two years of the decedent's death). Finally, the Court also rejects the Plaintiff's remaining basis for dismissal, including allegations of insufficient service of process, none of which are applicable in the instant case. Accordingly, the Court denies the Defendant's motion to dismiss.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** all of the Defendant's motions described above.

IT IS SO ORDERED.

Dated: July 24, 2007                              s/          *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE