UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
JERRY BAUER, Executor of the Estate of      :
DAKOTA BAUER,                               :        CASE NO. 5:07CV00489
                                            :
                    Plaintiff,              :
                                            :
        vs.                                 :        ORDER AND OPINION
                                            :        [Resolving Doc. Nos. 40, 41]
JAMES TRIMBLE, et al.,                      :
                                            :
                    Defendants.             :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        With this Order, the Court decides whether to grant the Plaintiff's motion to (1) reconsider

the Court's prior decision granting Defendants County of Portage and Portage County Job & Family

Services' motion to dismiss and (2) remand this case to state court. [Docs. 40,41.]  For the reasons

discussed below, the Court **DENIES** the Plaintiff's motion to reconsider and **GRANTS** the

Plaintiff's motion to remand.

## I.  Background

        On January 21, 2005, Defendant James Trimble, a federal probationer, shot and killed the

decedent, Dakota Bauer, and the decedent's mother. [Doc. 1, Exhibit 2.] A state court subsequently

convicted Trimble, who currently is in the Ohio State Penitentiary on death row.  *Id.*  The instant

case was first filed in the Court of Common Pleas, Portage County, Ohio before one of the

Defendants, the U.S. Probation Office, sought removal pursuant to 28 U.S.C. §§ 1441, 1442, and

1446 and thereafter moved this Court to dismiss the claims against it. [Docs. 1, 6.]  On June 7, 2007, the Court granted the Defendant U.S. Probation Office's motion to dismiss. [Doc. 26.]  On July 16, 2007, the Court similarly granted the motion to dismiss of County of Portage and Portage County Job & Family Services. [Doc. 37.]

On July 23, 2007, the Plaintiff filed the instant motion requesting that the Court (1) reconsider its decision granting Defendants County of Portage and Portage County Job & Family Services' motion to dismiss and (2) remand the case to state court because "Plaintiffs' remaining claims present issues of State Law only." [Docs. 40, 41.]  Defendants County of Portage and Portage County Job & Family Services oppose the Plaintiff's motion for reconsideration and Defendant Olympic Arms, Inc. ("Olympic") opposes the Plaintiff's motion to remand. [Docs. 43,39.] Specifically, Defendant Olympic says that (1) the Plaintiff's claim against Olympic falls within the Court's federal question jurisdiction because the claim is predicated on Olympic's violation of federal regulations and (2) even if the Court does not possess original jurisdiction over the Plaintiff's claim against Olympic, the Court should nonetheless retain supplemental jurisdiction. [Doc. 39.]

## II.  Legal Standard & Analysis

### A.  Motion to Reconsider

The  Federal Rules do not describe motions to reconsider.  The Sixth Circuit has held, however, that a  motion to vacate and reconsider may be treated under Rule 59(e) as a motion to alter or amend a judgment.  *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.")  Such a motion is extraordinary and sparingly granted.  *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D.

2

Ohio 1995).

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).  When the "defendant views the law in a light contrary to that of this Court," its 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

Here, the Plaintiff asks the Court to reconsider and vacate any orders filed after June 25, 2007, including the Court's Order granting Defendants County of Portage and Portage County Job & Family Services' motion to dismiss. [Doc. 40.]  In support of the instant motion, Plaintiff's counsel says he was unable to respond to Portage County and Portage County Job & Family Services' motion to dismiss because the clerk's office erred in granting him access to the court's electronic filing system. *Id.*  Specifically, Plaintiff's counsel says that although he requested access to the CM/ECF system after the Court instructed him to do so on May 29, 2007, he did not receive his username and password till July 18, 2007. *Id.*  The Plaintiff argues that this delay occurred because the clerks office initially sent the relevant log-on information to an incorrect email account on June 7, 2007, before counsel finally received access to the system on July 18, 2007. *Id.*

3

The U.S. District Court for the Northern District of Ohio requires attorneys in civil and criminal cases to file documents with the Court electronically over the Internet thru its Case Management/Electronic Case Files (CM/ECF) system.  *See* LOCAL RULE 5.1.  The Court alerted Plaintiff's counsel of this requirement, both through its Case Management Conference Scheduling Order and during the parties' May 28, 2007 Case Management Conference, which occurred more than three months after defendants Portage County and Portage County Job & Family Services filed their  motion to dismiss.  At the same conference, Plaintiff's counsel indicated that he would (1) immediately register for access to the CM/ECF system and (2) swiftly respond to the defendants' long pending motion to dismiss.

Despite such assurances, however, the instant motion represents the Plaintiff's first communication with the Court regarding any technical problems as well as its first response to the defendants' motion to dismiss.  Indeed, although Plaintiff's counsel exhibited an awareness of the defendants' motion to dismiss at the time of the parties case management conference – and despite the Court's subsequent June 15, 2007 Order instructing the Plaintiff to respond no later than June 29, 2007 – the Plaintiff made no attempt to either file a response to the motion to dismiss manually or contact the clerks office for assistance with any technical problems.  Similarly, the Plaintiff failed to alert the Court to any technical problems that might preclude the Plaintiff from complying with the Court's instructions.  Having therefore failed to take any action to fix an easily fixable problem, the Court finds that no basis exists to support the Plaintiff's motion to reconsider and vacate all order issued during Plaintiff's counsel's period of inactivity.  Quite simply, the predicament described by the Plaintiff does not justify the extraordinary request that the Court reconsider and vacate its July 16, 2007 Order granting Defendants County of Portage and Portage County Job & Family Services'

4

motion to dismiss.

Additionally, even if the Court did grant the Plaintiff's motion to vacate, sovereign immunity would still bar the Plaintiff's state cause of action. Ohio Revised Code § 2744, which governs sovereign immunity, provides in relevant part:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. § 2744.02(A)(1). Moreover, R.C. 2744.02(B)(5) provides that a political subdivision may only be held liable where a "section of the Revised Code expressly imposes [civil] liability . . . " *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities, et al.*, 102 Ohio St.3d 230 (2004). Given that the Ohio Supreme Court has explicitly held, in *Marshall v. Montgomery County Children Services Board*, that "[w]ithin the meaning of R.C. § 2744.02(B)(5) and § 2744.03(A)(6)(c), R.C. § 2151.421 does not expressly impose liability for failure to investigate reports of child abuse," 92 Ohio St.3d 348 (2004), sovereign immunity clearly bars the Plaintiff's claim in this case.

### B. Motion to Remand

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Additionally, any civil action brought in a State Court against "[t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof . . . " may similarly be removed. 28 U.S.C. § 1442. In this case,

5

Defendant U.S. Probation Office properly sought removal pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. In light of the Court's decision to subsequently dismiss the Probation Office, however, the Court must now determine (1) whether federal question jurisdiction nonetheless exists and (2) even if it does not, whether the Court should nonetheless retain supplemental jurisdiction over the Plaintiff's remaining state law causes of action.

*1. Federal Question Jurisdiction*

The original jurisdiction of the United States District Courts under 28 U.S.C. § 1331 is limited to cases arising under federal law, namely, "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a cause of action arises under federal law only when the plaintiff's complaint raises issues of federal law. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). The plaintiff is the "master of the claim[,]" and he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the complaint does not state a federal cause of action, then removal is improper. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir.1995). The Court must, however, look beyond the face of the complaint to the nature of the claims present at the time the moving party filed the notice of removal. If a federal question is a necessary element of one of the plaintiff's well-pleaded state claims, or it appears that the plaintiff has "artfully plead" his or her causes of action to avoid federal question jurisdiction, then jurisdiction may nonetheless be proper. *United Jersey Banks v. Parell*, 783 F.2d 360, 366-67 (3d Cir.1986); *Federated Dept. Stores Inc. v. Moitie,* 452 U.S. 394, 397 n. 2 (1981).

Here, Defendant Olympic says that federal question jurisdiction exists on the face of the

Plaintiff's complaint because the "Plaintiff has alleged that Olympic Arms was negligent in this case for violating the Code of Federal Regulations." [Doc. 39.] The Court disagrees.  Although the Plaintiff's Complaint does allege that Olympic violated certain federal regulations, it does so only to support the Plaintiff's state law negligence cause of action. Specifically, the Plaintiff references specific regulations to prove the existence of a duty owed to the victim, Dakota Bauer. [Doc. 1, Exhibit 2.]  Accordingly, the Court finds that federal question jurisdiction does not exist in the instant case because the Plaintiff bases their complaint entirely on state law.

### 2. *Supplemental Jurisdiction*

A district court has discretion to remand a properly removed case back to state court where a § 1442 claim ceases to exist and only state law claims remain.  *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (allowing district courts discretion to remand cases to state court in which federal claims have been eliminated and only pendent state claims remain), *superseded by statute*, 28 U.S.C. § 1367 (2004) (enacted 1990) (providing that a district court may decline to exercise supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction"); *see also Stayrook v. Verizon Wireless Services, LLC.*, 2007 WL 1560280,*2 (N.D.Ohio 2007) (stating once federal claims are eliminated and state claims remain that, "remand becomes a discretionary decision for the district court.")  Factors to consider in remanding include comity, judicial economy, convenience, and fairness to litigants.  *See Carnegie-Mellon Univ.*, 484 U.S. at 357.  If a federal court is in doubt of its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. *See, e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990).  Because the removal statutes implicate federalism concerns, a court must narrowly construe the statutes against removal. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757

(6th Cir. 2000).

Here, the relevant factors militate in favor of the Court granting the Plaintiff's motion to remand.  First, neither the Court nor the remaining parties have exerted significant time or effort addressing the Plaintiff's state law causes of action.  Similarly, none of the remaining parties in the case have filed any dispositive motions, such that judicial economy might weigh in favor of the Court retaining jurisdiction.  In contrast, federalism concerns heavily favor the Court remanding the instant case.  Stated otherwise, because retaining jurisdiction in the instant case would not serve any significant interest the Court grants the Plaintiff's motion to remand the case back to state court.

### III.  Conclusion

For the foregoing reasons, the Court (1) **DENIES** the Plaintiff's motion to reconsider and vacate and (2) **GRANTS** the Plaintiff's motion to remand.

IT IS SO ORDERED.


Dated: August 15, 2007                          s/          *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

8